1

2

3

4

5

6

7

8                    IN THE UNITED STATES DISTRICT COURT

9                 FOR THE EASTERN DISTRICT OF CALIFORNIA

10   DONALD ROOTS,

11              Petitioner,              No. 2:12-cv-2903 LKK KJN P

12        vs.

13   CATE/VALENZUELA, et al.,

14              Respondent.              ORDER AND

15   _____/        FINDINGS & RECOMMENDATIONS

16   I. Procedural Background

17              Petitioner is a state prisoner proceeding without counsel.  On April 9, 2013,

18   petitioner was granted thirty days to file an amended petition for writ of habeas corpus.  On May

19   10, 2013, the court recommended that this action be dismissed based on petitioner's failure to

20   timely file an amended petition.  On May 13, 2013, petitioner filed the first amended petition, a

21   motion to stay these proceedings, and objections to the findings and recommendations.  The

22   amended petition was signed on May 8, 2013, and therefore was timely filed under the mailbox

23   rule.  See Campbell v. Henry, 614 F.3d 1056, 1059 (9th Cir. 2010) (under the mailbox rule, the

24   petition is deemed filed when handed to prison authorities for mailing, and applies to both state

25   and federal filings by incarcerated parties).  Thus, the May 10, 2013 findings and

26   recommendations are vacated, and the court turns to the amended petition.

                                      1

II.  Exhaustion of Remedies

Petitioner challenges his 2010 conviction.  In the amended petition, petitioner raises four grounds for relief:  ineffective assistance of trial counsel; prosecutorial misconduct; ineffective assistance of appellate counsel; and claims he was sentenced based on evidence not presented to the jury.  Petitioner states he filed a petition for writ of habeas corpus in the Sacramento County Superior Court, which he claims was denied without a response to petitioner's fourth ground for relief.  (ECF No. 31 at 2-3.)  The grounds raised in the petition filed in the superior court are the same grounds raised in the instant petition.

As to any second petition, application or motion, petitioner states that he is not sure; that another inmate may have filed something for petitioner, but the other inmate was transferred.  (ECF No. 31 at 3.)  Although petitioner checked the "yes" box in answer to whether he filed an appeal to the highest state court having jurisdiction, he added "not sure."  (Id.)

The exhaustion of state court remedies is a prerequisite to the granting of a petition for writ of habeas corpus.  28 U.S.C. § 2254(b)(1).  If exhaustion is to be waived, it must be waived explicitly by respondent's counsel.  28 U.S.C. § 2254(b)(3).[1]  A waiver of exhaustion, thus, may not be implied or inferred.  A petitioner satisfies the exhaustion requirement by providing the highest state court with a full and fair opportunity to consider all claims before presenting them to the federal court.  Picard v. Connor, 404 U.S. 270, 276 (1971); Middleton v. Cupp, 768 F.2d 1083, 1086 (9th Cir. 1985), cert. denied, 478 U.S. 1021 (1986).

Petitioner was convicted on January 29, 2010, in Sacramento County Superior Court.  (ECF 31 at 1.)  On direct appeal, in Case No. C064442, petitioner's sole contention was "that the trial court erred in failing to suspend the proceedings a second time to conduct a competency evaluation after his trial attorney expressed doubts about his ability to participate meaningfully in his own defense."  People v. Roots, 2011 WL 3273882, *1 (Cal. App. 3 Dist.,

---

[1]  A petition may be denied on the merits without exhaustion of state court remedies.  28 U.S.C. § 2254(b)(2).

2011).  The conviction was affirmed on August 1, 2011.  Id.  The court takes judicial notice of

the California Appellate Courts website which reflects that petitioner filed a petition for review

in the California Supreme Court on September 8, 2011, Case No. S196271, which was denied on

October 12, 2011.[2]

On September 27, 2012, petitioner filed a writ of habeas corpus in the Sacramento

County Superior Court, Case No. 12HC00474, which was denied on October 17, 2012.[3]

The court takes judicial notice of the absence of any record of petitioner having

filed a petition for writ of habeas corpus in either the Third District Court of Appeal, or in the

California Supreme Court, with respect to his 2010 conviction.

Thus, petitioner has failed to exhaust state court remedies for all of the claims

raised in the instant petition.  None of the claims have been presented to the California Supreme

Court.  Further, there is no allegation that state court remedies are no longer available to

petitioner.  Accordingly, the petition is subject to dismissal, without prejudice, based on

petitioner's failure to first exhaust state court remedies.[4]

////

---

[2]  The court may take judicial notice of facts that are "not subject to reasonable dispute because it . . . can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned," Fed. R. Evid. 201(b),  including undisputed information posted on official websites.  Daniels-Hall v. National Education Association, 629 F.3d 992, 999 (9th Cir. 2010).  It is appropriate to take judicial notice of the docket sheet of a California court.  White v. Martel, 601 F.3d 882, 885 (9th Cir.), cert. denied, 131 S. Ct. 332 (2010).  The address of the official website of the California state courts is www.courts.ca.gov.

[3]  The court takes judicial notice of the docket sheet for plaintiff's criminal case filed in the Sacramento County Superior Court.  (Index Search System, Superior Court of California, County of Sacramento, https://services.saccourt.com/indexsearchnew/CaseType.aspx, accessed May 15, 2013).

[4]  Petitioner is cautioned that the habeas corpus statute imposes a one year statute of limitations for filing non-capital habeas corpus petitions in federal court.  In most cases, the one year period will start to run on the date on which the state court judgment became final by the conclusion of direct review or the expiration of time for seeking direct review, although the statute of limitations is tolled while a properly filed application for state post-conviction or other collateral review is pending.  28 U.S.C. § 2244(d).

III.  Stay of Proceedings

Petitioner seeks to stay this action while he exhausts his state court remedies.

A habeas petitioner may request that a federal action be stayed to allow for exhaustion in state court.  Federal law recognizes different procedures that a prisoner may use to stay a federal habeas action.  See Rhines v. Weber, 544 U.S. 269 (2005) (staying timely mixed petition); Kelly v. Small, 315 F.3d 1063 (9th Cir. 2003) (allowing prisoner to dismiss unexhausted claims and stay action as to exhausted claims subject to potential later amendment of petition).

However, there is no recognized procedure under which a prisoner may stay a federal petition that contains no exhausted claims.  In Rasberry v. Garcia, 448 F.3d 1150, 1153 (9th Cir. 2006), the Ninth Circuit expressly declined to apply the Rhines stay procedure to a habeas petition that "contained only unexhausted claims."  Id.  Instead, the court held that when a district court "concludes that a habeas petition contains only unexhausted claims[,] it may simply dismiss the habeas petition for failure to exhaust."  Id.; see also Jiminez v. Rice, 276 F.3d 478, 481 (9th Cir. 2001) ("Once Rice moved for dismissal, the district court was obliged to dismiss immediately, as the petition contained no exhausted claims") (internal quotation omitted).

Petitioner's habeas action consists of wholly unexhausted claims.  That procedural posture precludes the court from entering either a Rhines or Kelly stay.  Therefore, dismissal without prejudice is the proper remedy.

IV.  Conclusion

IT IS HEREBY ORDERED that:

1.  The May 10, 2013 findings and recommendations (ECF No. 30) are vacated;

2.  The Clerk of the Court is directed to serve a copy of these findings and recommendations together with a copy of the petition filed in the instant case on the Attorney General of the State of California;

////

4

IT IS HEREBY RECOMMENDED that:

1.  Petitioner's May 13, 2013 motion for stay (ECF No. 32) be denied; and

2.  Petitioner's application for a writ of habeas corpus be dismissed for failure to exhaust state remedies.

These findings and recommendations will be submitted to the United States District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, petitioner may file written objections with the court.  The document should be captioned "Objections to Findings and Recommendations."  If petitioner files objections, he shall also address whether a certificate of appealability should issue and, if so, why and as to which issues.  A certificate of appealability may issue under 28 U.S.C. § 2253 "only if the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(3).  Any response to the objections shall be filed and served within fourteen days after service of the objections.  Petitioner is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED:  May 20, 2013

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

root2903.vac.103