IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MIGUEL JACKSON,

    Petitioner,                    No. 2:12-cv-3033 TLN KJN P

    vs.

KAMALA D. HARRIS,

    Respondent.               FINDINGS AND RECOMMENDATIONS

_____/

I. <u>Introduction</u>

      Petitioner, a former jail inmate, is proceeding through counsel with an application for petition of writ of habeas corpus pursuant to 28 U.S.C. § 2254.  Pending before the court is respondent's motion to dismiss the habeas petition for lack of jurisdiction, and as barred by the statute of limitations.  For the reasons set forth below, respondent's motion should be granted.

II. <u>Background</u>

      1.  On October 19, 1990, petitioner pled guilty to one count of possession of methamphetamine for sale, and admitted a sentencing enhancement.  (ECF No. 1 at 33.)  On November 30, 1990, petitioner was sentenced to 360 days in the Sacramento County Jail, with credit given for 72 days time served, and five years of formal probation.  (ECF No. 1 at 33.) Petitioner did not appeal the conviction.

  2.  Petitioner's conviction became final on January 29, 1991.

  3.  Petitioner was deported in 1991 in a summary proceeding.  (ECF No. 1-2 at 64, citing Exhibit M (ECF No. 1-1 at 89-91).)  See ECF No. 1-1 at 63, referencing petitioner's May 17, 1991 arrest/detention/citation by the border patrol for illegal entry into the United States.

  4.  Petitioner's counsel filed a petition for writ of habeas corpus in the Sacramento County Superior Court on June 21, 2011.  (ECF No. 1 at 35.)  The Sacramento County Superior Court found that petitioner did not satisfy the "in custody" requirement for purposes of state habeas corpus, citing <u>People v. Villa</u>, 45 Cal. 4th 1063, 1072 (2009), and dismissed the petition on August 10, 2011.  (ECF No. 1 at 37.)

  5.  On September 6, 2011, petitioner, through counsel, filed a petition for writ of habeas corpus in the California Court of Appeal, Third Appellate District.  (ECF No. 1 at 40.)  The Court of Appeal denied the petition without comment on September 15, 2011.  (ECF No. 1 at 42.)

  6.  On November 7, 2011, petitioner's counsel filed a petition for writ of habeas corpus in the California Supreme Court, which was denied on December 14, 2011, with a citation to <u>People v. Villa</u>, 45 Cal. 4th at 1063.  (ECF No. 1 at 43, 45.)

  7.  On December 17, 2012, the instant action was filed.  (ECF No. 1.)

III.  <u>Legal Standards - Motion to Dismiss</u>

  Pursuant to Rule 4 of the Rules Governing § 2254 Cases, "[i]f it plainly appears from the face of the petition . . . that the petitioner is not entitled to relief in the district court, the judge shall make an order for its summary dismissal . . . ."  Respondent's pending motion to dismiss is brought pursuant to Rule 4.

  A federal writ of habeas corpus is available under 28 U.S.C. § 2254 "only on the basis of some transgression of federal law binding on the state courts."  <u>Middleton v. Cupp</u>, 768 F.2d 1083, 1085 (9th Cir. 1985) (citing <u>Engle v. Isaac</u>, 456 U.S. 107, 119 (1982)).  "[T]he essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the

2

traditional function of the writ is to secure release from illegal custody." Preiser v. Rodriguez, 411 U.S. 475, 484 (1973).

IV.  Jurisdiction

Pursuant to 28 U.S.C. § 2254(a), a federal court "shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." Id. Federal courts lack jurisdiction over habeas corpus petitions unless the petitioner is in custody under the conviction or sentence under attack at the time his petition is filed. Maleng v. Cook, 490 U.S. 488, 490-91 (1989).

Here, petitioner concedes that he is not in actual custody for the 1990 conviction. (ECF No. 1 at 7.) The California Supreme Court denied the petition with a citation to People v. Villa, 45 Cal.4th 1063 (2009), which indicates that the state court petition was denied because petitioner was no longer in actual or constructive state custody. See Villa, 45 Cal.4th at 1066, 1070-71 (holding that defendant who is not in state custody is ineligible for habeas relief and that collateral consequences of conviction, such as sex-offender-registration requirement, do not constitute constructive custody).

Thus, petitioner's filings demonstrate that he was not "in custody" for the 1990 conviction when he filed the instant petition. See Tatarinov v. Superior Ct., 388 Fed. Appx. 624, 625 (9th Cir. 2010) (noting that "a defendant is no longer 'in custody' once he is discharged from probation or parole"); see also Maleng, 490 U.S. at 492 ("While we have very liberally construed the "in custody" requirement for purposes of federal habeas, we have never extended it to the situation where a habeas petitioner suffers no present restraint from a conviction."). Moreover, it appears that petitioner was deported in 1991. (ECF No. 1-2 at 64.) Therefore, this court lacks jurisdiction to hear the federal petition. See also Hinojosa v. Superior Court of California, Orange County, 2013 WL 812688 (C.D. Cal. March 4, 2013) (district court lacked jurisdiction over petition where prisoner was no longer "in custody" as a result of the 1997 convictions).

Here, petitioner contends that he is "subject to mandatory custody, and permanent banishment from the United States, despite the fact that he is married to a lawful permanent resident." (ECF No. 1 at 9.)  Petitioner argues that this court has jurisdiction to consider petitioner's claims because the Supreme Court found that immigration consequences are not collateral but are direct criminal law consequences, citing Padilla v. Kentucky, 559 U.S. 356 (2010).  In Padilla, the Supreme Court held that defense counsel are required to advise criminal defendants about the risk of deportation arising from a guilty plea.  Id.

However, unlike the petitioner here, Mr. Padilla was still in actual or constructive custody.  Habeas jurisdiction was not at issue in Padilla.  Id.  Moreover, unlike petitioner, Mr. Padilla filed his motion to vacate his plea prior to being deported.  Id.  Unlike Mr. Padilla, who was facing deportation, petitioner was deported in 1991, and is now challenging his permanent banishment from the United States despite his marriage to a lawful permanent resident of the United States.[1]

But even if the undersigned agreed with petitioner's application of Padilla, this court cannot rely on Padilla.  In Chaidez v. United States, 133 S. Ct. 1103 (2013) ("Chaidez"),[2] the Supreme Court held that Padilla is not retroactively applicable to cases on collateral review, and thus, defendants whose convictions became final prior to the Padilla decision cannot benefit from its ruling.  Chaidez, 133 S. Ct. at 1106-13.  This court is bound by the decision in Chaidez.  Petitioner's conviction became final in 1991, long before the Padilla opinion issued.  Thus, petitioner's reliance on Padilla is unavailing.

////

---

[1] In addressing a habeas petition filed pursuant to 28 U.S.C. § 2241, the Ninth Circuit recently held that an alien who was at one point subject to a removal order was not "in custody" after her removal was accomplished, even though the removal order could potentially be reinstated, and thus the district court lacked jurisdiction to hear her petition for habeas relief. Veltmann-Barragan v. Holder, 717 F.3d 1086 (9th Cir. 2013).

[2] Like petitioner, Chaidez was no longer in actual or constructive custody when she filed her petition for writ of coram nobis.  Id. at 1106.

Respondent's motion to dismiss this action for lack of jurisdiction should be granted.[3]

V. Conclusion

IT IS HEREBY RECOMMENDED that:

1. Respondent's motion to dismiss (ECF No. 14) be granted; and

2. This action be dismissed.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  If petitioner files objections, he shall also address whether a certificate of appealability should issue and, if so, why and as to which issues.  A certificate of appealability may issue under 28 U.S.C. § 2253 "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(3).  Any reply to the objections shall be served and filed within fourteen days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED:  August 7, 2013

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

jack3033.mtd

---

[3] Because this court lacks jurisdiction over petitioner's claims, the court does not address the alleged statute of limitations bar.